IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01366-MSK-KLM

WAYNE ANDREWS,

      Plaintiff,

v.

TIMOTHY GEITHNER,
DOUGLAS SHULMAN,
OFFICER IN CHARGE OF COLLECTIONS,
GARY QUICK,
ROSEANNE M. MILLER,
LISA K. JONES, and
ROXY HUBER, in her individual capacity,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Dismiss Plaintiff's Claims Against Defendants Timothy Geithner, Douglas Shulman, Gary Quick, Roseanne Miller, Lisa Jones and IRS "Officer in Charge of Collections" (The United States of America)** [Docket No. 9; Filed July 25, 2011] (the "Motion").  The Court has reviewed the Motion, the Response [#17], the Reply [#18], the relevant law, and the entire case file, and is advised in the premises.  For the reasons stated below, the Court **RECOMMENDS** that the Motion be **GRANTED**.

### I. Background

Plaintiff is proceeding *pro se*.  *See Compl.* [#1] at 1.  He brings this action

1

challenging decisions and actions of the Internal Revenue Service ("IRS") and the Colorado Department of Revenue ("CDOR").[1]  *See id.*  Plaintiff alleges that he filed tax returns with the IRS from 1999 to 2008 requesting a refund.  *See id.* at 2.  Instead of granting him a refund, he asserts that the IRS assessed "frivolous penalties and interest" against him "to create a fraudulent lien and subsequent levy."  *Id.*

Plaintiff asserts claims against seven individual defendants: (1) Timothy Geithner ("Geithner"), Secretary of the Treasury; (2) Douglas Shulman ("Shulman"), Commissioner of the IRS; (3) Officer in Charge of Collections in Fresno, California; (4) Gary Quick ("Quick"), an IRS employee; (5) Roseanne M. Miller ("Miller"), an IRS employee; (6) Lisa K. Jones ("Jones"), an IRS employee; (collectively, the "Federal Defendants") and (7) Roxy Huber,[2] ("Huber"), Director of CDOR.  *See Compl.* [#1] at 2-3, 6-7.

Plaintiff alleges that for the years 1998 through 2003, Defendant Quick, an IRS agent, created a fraudulent amount as Plaintiff's "income," and levied taxes, penalties, and interest against Plaintiff.  *Id.* at 3.  Plaintiff alleges that Defendant Huber, the Director of the CDOR, extorted money from him by "creat[ing] and/or allow[ing] a lien and levy based on the fraudulent tax, penalties and interest," leading to garnishment of his wages.  *Id.*

Plaintiff alleges that Defendant Miller, a Revenue Officer, "did not investigate the fraud and did proceed[ ] to levy the plaintiff . . . ."  *Id.* at 2.  Plaintiff asserts that Defendant Jones "did nothing to halt the processing of the lien."  *Id.*  He also claims that Defendants

---

[1]  The Court notes that Plaintiff previously filed a very similar, unsuccessful lawsuit in this District.  *See Andrews v. Director, IRS, Ogden Utah*, No. 09-cv-02394-MSK-KLM, 2010 WL 2510758 (D. Colo. Apr. 20, 2010); *Andrews v. United States*, No. 09-cv-02394-MSK-KLM, 2010 WL 2510399 (D. Colo. Mar. 8, 2010).

[2]  Defendant Huber is not a party to this Motion but has filed her own Motion to Dismiss [#34] which will be addressed by a separate Recommendation.

Geithner, Shulman, and Officer in Charge of Collections "did nothing to remove the lien and halt the levy." *Id.* at 3.

Plaintiff brings his claims pursuant to 42 U.S.C. §§ 1981 and 1983 for violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Unites States Constitution. *See id.* at 1. He claims that Defendants violated his constitutional rights "by creating or allowing fraudulent amounts to be used to create fraudulent liens and levies" by the IRS and CDOR, and "by ignoring [Plaintiff's] requests for investigation of the fraudulent amounts . . . ." *Id.* Plaintiff seeks actual, compensatory, and punitive damages, as well as an injunction forcing the IRS and CDOR "to cease and desist the collection of the levies filed against the plaintiff." *Id.* at 4-5. The Federal Defendants move to dismiss on numerous grounds pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6). *See Memo. in Support of Motion* [#10].

## II.  Standard of Review

### A.  Fed. R. Civ. P. 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or

factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing

a facial attack on a complaint, the Court accepts the allegations of the complaint as true.

*Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not

presume the truthfulness of the complaint's factual allegations." *Id.* at 1003.  With a factual

attack, the moving party challenges the facts upon which subject-matter jurisdiction

depends.  *Id.*  The Court therefore must make its own findings of fact.  *Id.*  In order to make

its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow

affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life*

*Ins. Co. v.. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d

257, 259 n.5 (10th Cir.), cert. denied, 484 U.S. 986 (1987)).  The Court's reliance on

"evidence outside the pleadings" to make findings concerning purely jurisdictional facts

does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary

judgment pursuant to Rule 56.  *Id.*

**B.      Fed. R. Civ. P. 12(b)(5)**

        The Court may dismiss a case pursuant to Rule 12(b)(5) for insufficient service of

process.  A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery

of the summons and complaint."  5B Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure 3D § 1353.  In opposing a motion to dismiss for insufficient service

of process, " 'plaintiff bears the burden to make a prima facie case that he has satisfied

statutory and due process requirements so as to permit the court to exercise personal

jurisdiction over defendant.'" *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-

CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (quoting *Fisher v. Lynch*, 531 F.

Supp. 2d 1253, 1260 (D. Kan. 2008).  "Effectuation of service is a precondition to suit ..."

*Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).  Without proof of service, the Court lacks personal jurisdiction over the Defendant.  *Oklahoma Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).  Plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure.  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir.1987).

**C.      Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Id.* (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff

could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).   However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

D.     **Plaintiff's *Pro Se* Status**

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).   In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

A.     **Fed. R. Civ. P. 12(b)(1): Subject Matter Jurisdiction**

In his Complaint, Plaintiff seeks injunctive relief "to cease and desist the collection

of the levies filed against the plaintiff by . . . the IRS . . . , as collection violates the plaintiff's Constitutional right to unreasonable seizure." *Compl.* [#1] at 4.  The Federal Defendants aver that the Anti-Injunction Act bars the relief sought by Plaintiff.  *See Memo. in Support of Motion* [#10] at 10-12.  In his Response to the Motion, Plaintiff stated that, "Since the request for an Injunction Relief clouds the understanding of the fact that the plaintiff [is] suing the defendants as individuals, he hereby revokes his request." *Response* [#17] at 6.

As Plaintiff has explicitly withdrawn his request for injunctive relief, the Court need not address the Federal Defendants' arguments with respect to whether this Court has subject matter jurisdiction over such relief.  Plaintiff's request for injunctive relief is deemed withdrawn.

**B.     Fed. R. Civ. P. 12(b)(5): Personal Jurisdiction**

The Federal Defendants also move to dismiss on the ground that they were not properly served pursuant to Fed. R. Civ. P. 4.  *See Memo. in Support of Motion* [#10] at 22-23.

Pursuant to Fed. R. Civ. P. 4(i)(1), to properly serve the United States a party must: (1) deliver or send by registered or certified mail a copy of the summons and complaint to the United States Attorney in the district where the case is pending; and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.  Service of an individual federal employee is effectuated by service on the United States and, in addition, the plaintiff must meet the service requirements of Rule 4(e), (f)**,** or (g).

On July 1, 2011, Plaintiff filed a Notice of Service [#8], stating that he sent copies of the Complaint [#1], Memorandum in Support of Complaint [#2], and Summons in accordance with Fed. R. Civ. 4(i)(1) to each of the Defendants, the Attorney General of the United States in Washington, D.C., and the United States Attorney for the District of Colorado.  Plaintiff "certified that service of the above Notice of Service, date 30 June, 2011 has been effected by depositing a copy in the United States mail, in Castle Rock, Colorado, postage paid . . . ."

Other than the Notice of Service, Plaintiff has filed no proof that he delivered or sent these documents by registered/certified mail.  However, even assuming that he complied with Fed. R. Civ. P. 4(i)(1), he has not complied with Fed. R. Civ. P. 4(i)(3).  That Rule states: "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." There is no doubt, based on the allegations in the Complaint, that Plaintiff is suing the individual Federal Defendants "in connection with duties performed on the United States' behalf."  Fed. R. Civ. P. 4(i)(3).  Thus, Plaintiff must also comply with Rule 4(e), (f), or (g).

Here, the relevant Rule is Fed. R. Civ. P. 4(e), "Serving an Individual Within a Judicial District of the United States."[3]  That Rule states:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state

---

[3] Fed. R. Civ. P. 4(f) involves "Serving an Individual in a Foreign Country," and Fed. R. Civ. P. 4(g) involves "Serving a Minor or an Incompetent Person."

where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive such process.

There is no indication that Plaintiff complied with Fed. R. Civ. P. 4(e)(2)(A), (B), or (C). Nor has Plaintiff complied with Colorado law "for serving a summons in an action brought in courts of general jurisdiction." Fed. R. Civ. P. 4(e)(1); Colo. R. Civ. P. 4(e), (f), (g). Thus, the Court finds that Plaintiff has not properly served any of the Federal Defendants in their individual capacities.

The Court therefore finds that it lacks personal jurisdiction over the Federal Defendants. Although Plaintiff could possibly cure the defects in service upon the Federal Defendants, in consideration of the other arguments raised in the Motion and discussed in this Recommendation, any attempt to cure would be futile.

**C.     Fed. R. Civ. P. 12(b)(6): Failure to State a Claim**

**1.     42 U.S.C. §§ 1981 and 1983**

Plaintiff alleges violations of his constitutional rights by the Federal Defendants, and he adds separately that he brings this lawsuit pursuant to 42 U.S.C. §§ 1981 and 1983.[4] 42 U.S.C. § 1981 protects "against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Thus, because these agents were acting under color of federal law, not state law, 42 U.S.C. § 1981 is inapplicable to the

---

[4] It is unclear whether Plaintiff is bringing his claims against the Federal Defendants (as opposed to just Defendant Huber, a state employee) pursuant to 42 U.S.C. §§ 1981 and 1983, as well as pursuant to *Bivens*, *see infra* § C.2., but the Court addresses the contention in the interest of completeness.

federal employees in this case.  *See Davis-Warren Auctioneers, J.V. v. F.D.I.C.*, 215 F.3d 1159, 1161 (10th Cir. 2000).

The same is true regarding Plaintiff's claims pursuant to 42 U.S.C. § 1983.  That "statute does not apply to federal officers acting under color of federal law."  *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).  Accordingly, Plaintiff's allegations that the Federal Defendants violated his constitutional rights pursuant to 42 U.S.C. §§ 1981 and 1983 do not give rise to valid claims.

### 2.    *Bivens* Action[5]

Plaintiff also brings this lawsuit against the Federal Defendants pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1972). Plaintiff states that he "is suing the defendants as individuals for all of their omissions and commissions in violation of their duties."[6]  *Response* [#17] at 1.  He alleges that Defendants "had the authority to require an investigation into the fraud (by omission and commission) perpetrated on the plaintiff and in not doing so, became willing participants in the denial of the plaintiff['s] Constitutional rights."  *Id.* at 2.

A *Bivens* action only "lies against [a] federal official in his individual capacity." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).  It is "an implied private cause of action for damages against a federal officer for violation of a plaintiff's

---

[5]  "[W]hether a court should imply a *Bivens* remedy is not a question of subject matter jurisdiction."  *Harper v. P. Urbano, P.A.*, 342 F. App'x 380, 382 (10th Cir. 2009).  Thus, the Court examines Defendants' *Bivens* argument pursuant to Fed. R. Civ. P. 12(b)(6), relating to dismissal for failure to state a claim.

[6]  In consideration of this and other admissions by Plaintiff, the Court therefore does not address the Federal Defendants' arguments directed toward dismissal of the suit against them in their official capacities.  *See also, e.g., Response* [#17] at 6 (stating that "the plaintiff [is] suing the defendants as individuals").

constitutional rights." *Green v. Corrs. Corp. of Am.*, 401 F. App'x 371, 374 (10th Cir. 2010).

Tenth Circuit case law is clear that *Bivens* claims may not be asserted against individual IRS agents.  For example, in *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997), the Circuit held that, "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions."  The Circuit had previously expounded upon its rationale in *National Commodity and Barter Association, National Commodity Exchange v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir. 1989):

> The same considerations which led the Supreme Court in [*Schwieker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)] to conclude that the recognition of a *Bivens* claim would be inappropriate [in a claim involving the social security system, *i.e.*, the presence of an elaborate mechanism for the resolution of claims] are applicable here with respect to the NCBA's allegations of violations of the fifth amendment due process clause and various provisions of the Internal Revenue Code.  Although there may be no established mechanism for the recovery of damages against federal authorities for unconstitutional conduct, the unavailability of complete relief does not mandate the creation of a *Bivens* remedy when other "meaningful safeguards or remedies for the rights of persons situated as were the plaintiffs" are available.  In this case, the NCBA has recourse to challenge the legality of the penalty assessment under several provisions of the Internal Revenue Code.

The Ninth Circuit has similarly held:

> Considering the decisions of our sister circuits, [and] the comprehensiveness of the Internal Revenue Code and its remedial provisions for the benefit of taxpayers . . . , we hold that the taxpayer plaintiffs here have no right to *Bivens* relief for any allegedly unconstitutional actions of IRS officials engaged in tax assessment and collection.  Stated another way, plaintiffs may not pursue a *Bivens* action with complaints about the IRS's audits, assessments, and collection of . . . taxes.

*Adams v. Johnson*, 355 F.3d 1179, 1188 (9th Cir. 2004).

Plaintiff has available a remedy other than a *Bivens* action, in that Congress has

created an exclusive remedy for violations of the Internal Revenue Code. *See* 26 U.S.C. §§ 7432, 7433. Title 26, United States Code, Section 7433(a) provides that a taxpayer may bring a civil action when an employee of the IRS, in collecting any federal tax, "recklessly or intentionally, or by reason of negligence disregard[s] any provision of [Title 26], or any regulation promulgated under [Title 26]." This statute is the exclusive remedy for a taxpayer alleging such conduct. *Rosson v. United States*, 127 F. App'x 398, 400 (10th Cir. 2005). Thus, to the extent Plaintiff is seeking damages for alleged misconduct by IRS employees in collecting his taxes, 26 U.S.C. § 7433 is the only statutory vehicle for relief.

Therefore, like in *Gibbs*, Plaintiff has a means of challenging the legality of the actions taken by the individual Federal Defendants in this case. Recognition of a *Bivens* remedy under these circumstances would not be appropriate. *Accord Abell v. Sothen*, 214 F. App'x 743, 752-53 (10th Cir. 2007) (holding that a *Bivens* action is inappropriate where plaintiffs could object to government's efforts to obtain financial information about them through utilizing the special procedures applicable to third party summonses as found in 26 U.S.C. § 7609). Thus, the Court finds that Plaintiff's claims pursuant to *Bivens* are without merit.[7]

Finally, in consideration of this conclusion, the Court notes, as did the Ninth Circuit

---

[7] The Court notes, without deciding, that Geithner, as Secretary of the Treasury, may not fall within the above *Bivens* analysis. However, the complaint in a *Bivens* suit "must at least allege that the defendant federal official was personally involved in the illegal conduct." *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 370-71 (D.C. Cir. 1997). Plaintiff has not alleged any facts which demonstrate that Geithner was personally involved in *any* conduct, allegedly illegal or not. Permitting amendment to allege facts that the Secretary of the Treasury was personally involved in the alleged wrongs perpetrated upon Plaintiff can only open the door to fabrication. *See id.* at 370 ("[D]ismissal with prejudice is appropriate and consistent with the duty of the lower federal courts to stop insubstantial *Bivens* actions in their tracks and get rid of them where, as here, it is clear that the plaintiff's *Bivens* claims lack merit in the total absence of allegations of personal involvement." (internal quotation and citation omitted).).

in *Adams*, that, "[b]ecause of our conclusion that a *Bivens* action is unavailable as a vehicle for the assertion of the alleged constitutional violations by the IRS auditors, we need not and do not address the substance of each asserted claim of constitutional violation." *Adams*, 355 F.3d at 1188.  The Court likewise need not address the Federal Defendants' other arguments for dismissal.

**D.     No Leave to Amend**

The dismissal of an action "pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial."  *Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *accord Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support [his] claim, a complaint should be dismissed with prejudice"); *Tepper v. Van Dam*, 974 F.2d 1345, 1992 WL 219037, at *3-4 (10th Cir. 1992) (unpublished table decision) (relying on *Okusami*, *Brierly*, and *Cortec* to affirm dismissal of an action with prejudice).  However, due to heightened concerns when the plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997))).  Even as courts are careful to protect the rights of *pro se* plaintiffs, they often find that granting the opportunity to amend would be futile.  *See,*

13

*e.g., Arocho*, 367 F. App'x at 955 (describing a set of circumstances under which giving a

plaintiff an opportunity to amend his complaint would not be futile as "unique"); *Reynoldson*

*v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (prejudice should not attach to a dismissal

when plaintiff has made allegations "which, upon further investigation and development,

could raise *substantial* issues" (emphasis added)).

Here, no amendment of facts would permit Plaintiff to bring his constitutional claims

against the individual Federal Defendants due to the limitations imposed on a *Bivens* action

and on actions brought pursuant to 42 U.S.C. §§ 1981 and 1983.  Thus, no amendment to

the Complaint could alter the Court's conclusions stated herein, and the Court recommends

that dismissal be with prejudice and without leave to amend.

## IV.  Conclusion

Based on the foregoing,

The Court respectfully **RECOMMENDS** that the Federal Defendants' Motion [#9] be

**GRANTED** and that Plaintiff's claims against the Federal Defendants be **DISMISSED WITH**

**PREJUDICE**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal

questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated:  January 30, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge