**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-01366-MSK-KLM

**WAYNE ANDREWS,**

      **Plaintiff,**

**v.**

**TIMOTHY GEITHNER;
DOUGLAS SHULMAN;
OFFICER IN CHARGE OF COLLECTIONS;
GARY QUICK;
DONNA M. MILLER;
LISA K. JONES; and
ROXY HUBER,**

      **Defendants.**

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION,
AND GRANTING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Objections (**# 51**) to

the January 30, 2012 Recommendation (**# 49**) of the Magistrate Judge that the Defendants'

(except Ms. Huber, who moves separately) Motion to Dismiss (**# 9**) be granted.

Mr. Andews, proceeding *pro se*, commenced this action against Mr. Geithner, as

Secretary of the Treasury, and various agents of the Internal Revenue Service ("IRS"), alleging

that between 1999 and 2008, the Defendants "did create fictitious amounts and claim that they

were taxable income" received by Mr. Andrews, and that as a result, Mr. Andrews owed taxes,

penalties, and interest on those amounts.[1]  Those taxes and penalties went unpaid, and

eventually, the IRS placed a lien on Mr. Andrews' property.  Mr. Andrews' *pro se* Complaint (**#
1**) alleges, variously, claims of fraud and civil conspiracy, among other things.

The Defendants (except Ms. Huber, who was belatedly served) moved to dismiss (**# 9**)

Mr. Andrews' Complaint on various grounds.  This Court referred the Defendants' motion to the

Magistrate Judge, and on January 30, 2012, the Magistrate Judge issued a Recommendation

(**#49**) that the motion to dismiss be granted in its entirety.  Among other things, the Magistrate

Judge found: (i) Mr. Andrews had not adequately demonstrated sufficient service of process on

the Defendants; (ii) his *Bivens* claims were insufficient, insofar as such claims do not lie against

IRS officials (rather, 26 U.S.C. § 7433 provides Mr. Andrews' sole remedy); and (iii) leave to

amend the Complaint should not be granted, as the constitutional claims urged by Mr. Andrews

cannot colorably be asserted regardless of the underlying facts.

On Februrary 17, 2012, Mr. Andrews filed a "Notice of Intent to File Objections," stating

that he had just discovered the existence of the Recommendation by logging onto the Court's

electronic docket software, and that he had not received any mailed copy of that document.  He

requested that the Court permit him to promptly file Objections, and on February 22, 2012, he

did so (**# 51**).  The somewhat rambling Objections primarily argue: (i) the Magistrate Judge erred

in analyzing the issues under *Dahn v. United States*, 127 F.3d 1249 (10th Cir. 1997), insofar as

that case relates only to tax assessments and "this case is not about an assessment" as "an

assessment only exists when there are supporting documentation" and here, Defendant Quick

"created amounts [of tax liability] with no documentation"; and (ii) that "26 U.S.C. § 7422 [is]

---

[1]Mr. Andrews contends that in those years, he reported that he received no income and
was entitled to refunds.

not mandatory," as "these sections are guidelines and not codified in law"and that relief under *Bivens* cannot be denied "if the defendants act under Color of Authority and violate the Constitutional rights of the plaintiff."

Mindful of Mr. Andrews' *pro se* status, the Court has according his pleadings the liberal construction they are entitled. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). The Court reviews the objected-to portions of a Magistrate Judge's Recommendation *de novo*. Fed. R. Civ. P. 72(b). Upon that *de novo* review, the Court finds the Magistrate Judge's thorough Recommendation to be correct in all respects, and Mr. Andrews' Objections to be without merit.

With regard to *Dahn*, Mr. Andrews is partially correct in his assertion that the decision in that case is driven by its facts. There, the taxpayer brought (among others) *Bivens* claims challenging "the seizure of his property to pay tax debts of . . . his parents." 127 F.3d at 1251. The 10th Circuit concluded that such claims were not cognizable and the wrongful levy statute, 26 U.S.C. § 7426 (which provides for an action for "wrongful levy"), was the taxpayer's sole remedy. Neither the facts in *Dahn*, nor the statute providing the remedy, is analogous to Mr. Andrews' claims here that IRS agents fabricated records to justify assessing taxes against him.

But the Magistrate Judge cited *Dahn* not based on a belief that it was on all fours with this case, but merely for the more general rule it articulates: "The United States and its agencies are not subject to suit under *Bivens* [and] in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions." Nothing in *Dahn* suggests that this rule differs depending on the nature of the wrongdoing allegedly committed by the IRS agents. Indeed, *Dahn* relies on *National Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989) for this proposition. *National Commodity* did not involve claims of wrongful levy; there, the plaintiffs

alleges that IRS agents "had engaged in a conspiracy . . . by their continued, unwarranted investigation of the organization . . . and by their collection of unlawful penalties under the Internal Revenue Code." *Id.* at 1243.  Nevertheless, the 10th Circuit soundly rejected any argument that liability under *Bivens* could attach, finding that the plaintiff has "all sorts of right against an overzealous officialdom, including, most fundamentally, the right to sue the government for a refund if forced to overpay taxes."[2]  *Id.* at 1248.  Accordingly, this Court finds that the Magistrate Judge properly relied on *Dahn* to conclude that Mr. Andrews' *Bivens* claims are not cognizable in these circumstances.

Less discussion is warranted with regard to Mr. Andrews' contention that 26 U.S.C. §7422 is "not mandatory" and "not codified in law."  This is nothing more than a variant of the legally-frivolous contention that various tax laws are non-binding, ultra vires, or otherwise inapplicable.  26 U.S.C. § 7422(a) is valid and clearly provides the exclusive remedy for claims "for the recovery of any internal revenue tax alleged to have been erroneously or illegally asserted or collected."

Accordingly, the Court **OVERRULES** Mr. Andrews' Objections (**# 51**) and **ADOPTS**

---

[2]*National Commodity* recognized that a *Bivens* claim against IRS agents could lie for claims premised on the First and Fourth Amendments to the U.S. Constitution (*i.e.* that the IRS retaliated against the plaintiff for the exercise of their First Amendment rights or that the IRS engaged in an unlawful search of the plaintiffs' property in violation of the Fourth Amendment). The court noted hat "certain values, such as those protected by [these] amendments, may be superior to the need to protect the integrity of the internal revenue system," and thus, *Bivens* claims based on these amendments might lie.  *Id.* at 1248.

Mr. Andrews' Objections attempts to cast his claims as falling within these amendments, but he does so in a tortured way.  Rather than contending that <u>his</u> First Amendment rights were violated by the Defendants here, he alleges that the <u>Defendants</u> cannot invoke the First Amendment to protect their "false speech."  To the extent he alleges that the improper placing of liens on his property constitutes a Fourth Amendment violation, that claim aligns more closely with a Fifth Amendment Due Process claim, not a Fourth Amendment unreasonable seizure claim.

the Magistrate Judge's Recommendation (**# 49**).[3]  The Defendants' Motion to Dismiss (**# 9**) is

**GRANTED**, and all claims against all Defendants other than Ms. Huber are **DISMISSED**.  The

caption of the case is **AMENDED** to omit reference to any Defendant other than Ms. Huber.

      Dated this 5th day of March, 2012

                                                **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge

---

[3]Mr. Andrews does not challenge the Magistrate Judge's reasoning for refusing to *sua sponte* grant him leave to amend.  Arguably, Mr. Andrews could amend his Complaint to instead fashion this suit as one brought for a refund pursuant to 26 U.S.C. § 7422(f), although to do so, he would first have to demonstrate the exhaustion of administrative remedies required by § 7422(a).  This Court will not assume that Mr. Andrews intends to so dramatically change the thrust of his claims, nor that he has completed the required administrative exhaustion.  Thus, the Court adopts that portion of the Magistrate Judge's Recommendation that denies a reflexive grant of leave to amend, but the Court will entertain a prompt motion seeking leave to amend by Mr. Andrews, provided that motion is supported by a proposed Amended Complaint that states a cognizable claim.