IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01366-MSK-KLM

WAYNE ANDREWS,

     Plaintiff,

v.

ROXY HUBER, in her individual capacity,

     Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendant Roxy Huber's ("Huber") **Motion to Dismiss** [Docket No. 34; Filed November 2, 2011] (the "Motion"). Plaintiff, who is proceeding *pro se*, filed a Response [#35] in opposition to the Motion on November 14, 2011. Defendant Huber filed a Reply [#38] on November 29, 2011. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the Motion [#34], the Response [#35], the Reply [#38], the relevant law, and the entire case file, and is sufficiently advised in the premises. For the reasons stated below, the Court **RECOMMENDS** that the Motion be **GRANTED**.

## I. Background

Plaintiff brings this action challenging the decisions of the Internal Revenue Service ("IRS") and the Colorado Department of Revenue ("CDOR"). *See Compl.* [#1] at 1. Plaintiff alleges that he filed tax returns with the IRS from 1999 to 2008 requesting a refund. *See*

1

*id.* at 2.  Instead of granting him a refund, he asserts that the IRS assessed "frivolous penalties and interest" against him "to create a fraudulent lien and subsequent levy."  *Id.*

Plaintiff originally asserted claims in this lawsuit against seven defendants: (1) Timothy Geithner, Secretary of the Treasury; (2) Douglas Shulman, Commissioner of the IRS; (3) Officer in Charge of Collections in Fresno, California; (4) Gary Quick, an IRS employee; (5) Roseanne M. Miller, an IRS employee; (6) Lisa K. Jones, an IRS employee; (collectively, the "Federal Defendants") and (7) Defendant Huber, former Executive Director of the CDOR.  *See id.* at 2-3, 6-7.  On March 5, 2012, the District Judge adopted the Recommendation of United States Magistrate Judge [#49], which recommended dismissal of the Federal Defendants from this lawsuit.  *See Opinion and Order Overruling Objections, Adopting Recommendation, and Granting Motion to Dismiss* [#52].  Thus, Defendant Huber is the sole remaining defendant in this lawsuit.

Plaintiff alleges that Defendant Huber, as Executive Director of the CDOR during the time frame underlying Plaintiff's claims, extorted money from him by "creat[ing] and/or allow[ing] a lien and levy based on the fraudulent tax, penalties and interest," which ultimately led to garnishment of his wages.  *Compl.* [#1] at 3.  Plaintiff further states that the CDOR "is using their fraudulent lien to levy the plaintiff's wages now and has also done so in the past."  *Id.* at 5.

Plaintiff brings his claims pursuant to 42 U.S.C. §§ 1981 and 1983 for violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *See id.* at 1; *see also Response* [#35] at 1 (clarifying Plaintiff's causes of action against Defendant Huber).  He also asserts that Plaintiff may be liable for these alleged violations pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403

U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1972).   Plaintiff claims that Defendant Huber violated his constitutional rights "by creating or allowing fraudulent amounts to be used to create fraudulent liens and levies" by the CDOR, and "by ignoring [Plaintiff's] requests for investigation of the fraudulent amounts . . . ."   *Compl.* [#1] at 1.   Plaintiff seeks actual, compensatory, and punitive damages, as well as an injunction forcing the CDOR "to cease and desist the collection of the levies filed against the plaintiff."   *Id.* at 4-5.

Defendant Huber moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). *See Motion* [#34].   However, subsequent to the filing of her Motion, Plaintiff clarified that he only brought suit against Defendant Huber in her individual capacity.   *See Order* [#39] at 2.   The Court therefore does not address Defendant Huber's arguments directed toward dismissal of the suit against her in her official capacity, which include all of her arguments made pursuant to Fed. R. Civ. P. 12(b)(1).

## II.  Standard of Review

### A.   Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."   *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).   To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face."   *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007).   "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).   Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).   However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

## B.     Plaintiff's *Pro Se* Status

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the

Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III.  Analysis

### A.    *Bivens* Claim

Plaintiff states that he brings this lawsuit against Defendant Huber in part pursuant to *Bivens*. *See Compl.* [#1] at 3; *Memo.* [#2] at 1; *Response* [#35] at 1. However, Tenth Circuit case law is clear that *Bivens* claims may not be asserted against individual state actors. A *Bivens* action only "lies against [a] federal official in his individual capacity," *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005), because it is "an implied private cause of action for damages against a federal officer for violation of a plaintiff's constitutional rights." *Green v. Corrs. Corp. of Am.*, 401 F. App'x 371, 374 (10th Cir. 2010). Because Defendant Huber is a former state employee and Plaintiff has not alleged that she ever worked in a federal capacity in connection with the events underlying this lawsuit, a *Bivens* claim does not lie here.

### B.    Section 1981

Plaintiff states that he brings this lawsuit pursuant to 42 U.S.C. §§ 1981 and 1983. 42 U.S.C. § 1981 protects "against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same
> right in every State and Territory to make and enforce contracts, to sue, be
> parties, give evidence, and to the full and equal benefit of all laws and

> proceedings for the security of persons and property as is enjoyed by white
> citizens, and shall be subject to like punishment, pains, penalties, taxes,
> licenses, and exactions of every kind, and to no other.

"Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006); *see also Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459 (1975) (stating that Section 1981 "on its face relates primarily to racial discrimination in the making and enforcement of contracts"); *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 458 (2008) (Thomas, J., dissenting) (stating that Section 1981(a) "is a straightforward ban on racial discrimination in the making and enforcement of contracts").

The Complaint does not address an essential element of a § 1981 claim, i.e., Plaintiff's race. Therefore, he has not pled a prima facie claim for relief pursuant to 42 U.S.C. § 1981. Accordingly, Plaintiff's allegations that Defendant Huber violated his constitutional rights pursuant to 42 U.S.C. § 1981 do not give rise to a cognizable claim.

## C.    Section 1983: Personal Participation

In part, Defendant Huber argues that Plaintiff's claims against her fail due to lack of personal participation. *See Huber's Motion* [#34] at 7-8.

"Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citing *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)); *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) ("Personal participation is an essential allegation in a Section 1983 claim." (citations omitted)). A defendant is personally involved in an alleged constitutional violation only if there is an "affirmative link" between her conduct and

the alleged violation. *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001). Because of the "affirmative link" requirement, a defendant in a position of general supervisory authority cannot be held vicariously liable for alleged constitutional violations committed by her subordinates. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability." (citing *Rizzo v. Goode*, 423 U.S. 362, 376 (1976))); *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991) ("'[T]here is no concept of strict supervisor liability under section 1983.' " (quoting *Harris v. Greer*, 750 F.2d 617, 618 (7th Cir.1984))); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) ("A defendant cannot be liable under a *respondeat superior* theory in a section 1983 case." (citing *McClelland v. Facteau*, 610 F.2d 693 (10th Cir. 1979))).

Courts have explained that a defendant in a supervisory position may be personally involved in an alleged constitutional violation committed by her subordinates in two situations. First, the supervisor may be personally involved when she personally directs her subordinates to take the action that resulted in the alleged constitutional violation. *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir.1992). Second, the supervisor may be personally involved when she has actual knowledge that her subordinates are committing the alleged constitutional violation and she acquiesces in its commission. *Id.* (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990) (stating that supervisor liability requires "allegations of personal direction or of actual knowledge and acquiescence")); *see also id.* at 1399 n.11 (stating that, to show an

affirmative link between the defendant supervisor's conduct and unconstitutional behavior by her subordinates, a plaintiff must establish "an intentional, conscious, and deliberate act by the defendant participating in, or knowingly acquiescing in, the unconstitutional behavior.").

In this case, Plaintiff has failed to allege any specific conduct by Defendant Huber that would satisfy the personal-participation requirement. *See, e.g.*, *Compl.* [#1] at 3 (stating that Defendant Huber "did create and/or allow a lien and levy based on the fraudulent tax, penalties and interest which caused the plaintiffs wages to be garnished in violation of the plaintiff's [constitutional] rights"); *see also Memo.* [#2] at 8 (stating, without completing the sentence, that, "[h]ad the [CDOR] and/or [Defendant] Huber followed the law . . . .") (stating that, "[h]ad the [CDOR] and/or [Defendant] Huber investigated the plaintiff[']s allegations of fraud instead of relying on [Defendant] Gary Quick and/or the IRS, they would have realized that there was no possible position that there was a basis for tax in Colorado for 1999 through and including 2003 and no basis for the lien or levy"); *id.* at 9 (stating that "the act of creating liens and levies by the [CDOR] and/or [Defendant] Huber, and the imposition of [ ] those liens and levies by [Defendant] Huber, whether caused or allowed, violates the plaintiff[']s [constitutional] rights"). Further, Plaintiff states that he attempted to ascertain the names of CDOR employees who *actually* worked on his records but was unable to do so. *See Memo.* [#2] at 9. In lieu of these names, he chose to make service upon Defendant Huber alone, as the former Executive Director of the CDOR. *See Motion* [#34] at 1 n.1; *see also State Defendant Roxy Huber's Motion to Substitute Party* [#30] at 2 (stating that the current Executive Director of the CDOR is Barbara Brohl).

The allegations stated by Plaintiff are too tenuous to establish the requisite personal

participation on the part of Defendant Huber. *See Iqbal*, 129 S. Ct. at 1949 (stating that a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citation omitted)).  Even liberally construing the allegations in Plaintiff's Complaint [#1] and Memorandum in Support of Complaint [#2], Plaintiff has failed to allege in a more than conclusory fashion that Defendant Huber personally participated in the alleged actions underlying this lawsuit.  Even if Defendant Huber personally received written notice of Plaintiff's allegations of fraud by IRS employees, simple awareness by virtue of correspondence does not constitute personal participation in the deprivation of a constitutional right. *See, e.g.*, *Quintana v. Doe*, No. 09-cv-00946-CMA-KLM, 2010 WL 2650052, at *7 (D. Colo. June 20, 2010) ("Receiving correspondence does not establish the personal participation required to trigger personal liability under 42 U.S.C. § 1983." (citation omitted)).  Further, Plaintiff has failed to allege that Defendant Huber either personally directed her subordinates to take or to refrain from the action that resulted in the alleged constitutional violations or that she had actual knowledge that her subordinates were committing the alleged constitutional violations. *See Woodward*, 977 F.2d at 1400. Without such allegations, Plaintiff's assertions are insufficient to plausibly plead personal participation by Defendant Huber. *See Iqbal*, 129 S. Ct. at 1949 (stating that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully" (citation omitted)).

**D.      State Law Claim: Conspiracy**

Plaintiff asserts a claim for conspiracy pursuant to state law. *See Compl.* [#1] at 3. In short, he alleges that Defendant Huber conspired with the former Defendants in this matter to violate Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights. *See id.*

The Tenth Circuit has stated that "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under the color of state law" is actionable. *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990). However, in order to succeed on a conspiracy claim under 42 U.S.C. § 1983, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Id.* Further, "[w]hile a deprivation of a constitutional right is essential to proceed under a § 1983 claim, proof of an agreement to deprive will often require examination of conduct occurring prior to the deprivation." *Id.* at 701–02. To establish the existence of a conspiracy, a plaintiff seeking redress must show that there was a "single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences." *Id.* (internal citations omitted).

Here, because the Court finds that Plaintiff is not entitled to relief on his constitutional claims, Plaintiff's claim that Defendant Huber conspired to deprive him of his constitutional rights must fail. *See Snell*, 920 F.2d at 701. Accordingly, this claim should be dismissed.

## IV. Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that Defendant Huber's Motion [#34] be **GRANTED** and that Plaintiff's claims against Defendant Huber be **DISMISSED WITHOUT PREJUDICE**.[1]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

---

[1] *See Andrews v. Director, IRS, Ogden Utah*, No. 09-cv-02394-MSK-KLM, 2010 WL 2510578, at *4 (dismissing without prejudice, based on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the claims by Plaintiff against Defendant Huber in a similarly-based lawsuit because Plaintiff failed to state a claim upon which relief could be granted).

fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated:  April 2, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge