IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01366-MSK-KLM

WAYNE ANDREWS,

    Plaintiff,

v.

ROXY HUBER,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Rule 54(b) Certification** [Docket No. 60; Filed May 29, 2012] (the "Motion").

On July 25, 2011, the Federal Defendants, which included all Defendants except for Defendant Roxy Huber ("Huber"), who was belatedly served, filed a Motion to Dismiss [#9]. On January 30, 2012, the undersigned issued a Recommendation [#49] that the Federal Defendants' Motion to Dismiss [#9] be granted. On March 5, 2012, the District Judge adopted [#52] the Recommendation [#49] and granted the Motion to Dismiss [#9].

On November 2, 2011, Defendant Huber filed her own Motion to Dismiss [#34]. On April 2, 2012, the undersigned issued a Recommendation [#53] that Defendant Huber's Motion to Dismiss [#34] be granted. The District Judge has not yet ruled on the Objections [#54] raised by Plaintiff to this second Recommendation.

On April 26, 2012, Plaintiff filed an appeal [#55] with the Tenth Circuit Court of Appeals as to the first Recommendation [#49] and the Order adopting it. The Tenth Circuit

issued on Order on May 2, 2012 tolling briefing until the District Court issued an order either entering a final judgment or a Fed. R. Civ. P. 54(b) certification. *See Order* [#58] (citing to *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641 (10th Cir. 1988)). In the present Motion, Plaintiff seeks a Rule 54(b) certification.

Pursuant to Rule 54(b), in a lawsuit presenting more than one claim for relief such as the instant action, the Court may "direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Whether to enter judgment pursuant to Rule 54(b) is within the trial court's discretion. *Warren v. Liberty Mut. Fire Ins. Co.*, No. 05-cv-01891-PAB-MEH, 2011 WL 3331387, at *1 (D. Colo. Aug. 2, 2011) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "In order to direct entry of judgment under Rule 54(b), [the Court] must find that three prerequisites are met: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Id.* (citing *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005)). The Court must also consider the policy of preventing piecemeal appeals, the implications of delaying appeal, and "judicial administrative interests." *Id.* (citations omitted).

Here, the first two prerequisites are clearly met, as this matter involved multiple claims, and a final decision was issued as to most of the claims, including all of the claims brought against the Federal Defendants. However, the Court concludes that the third prerequisite is not satisfied. Plaintiff has provided no reason why the Court should issue a Rule 54(b) certification except "so that the Appeals Court can move forward as quickly as possible." *Motion* [#60] at 2. Plaintiff has provided no explanation to support his assertion that moving the case "forward as quickly as possible" outweighs the policy of

-2-

preventing piecemeal appeals.  "Interrelated legal claims and alternative theories for recovery should be litigated together and appealed together."  *Jordan*, 425 F.3d at 829. Here, all of Plaintiff's claims involve alleged violations of his constitutional rights by Defendants' "creating or allowing fraudulent amounts to be used to create fraudulent liens and levies" by the Internal Revenue Service and by the Colorado Department of Revenue, and by Defendants' subsequently ignoring his "requests for investigation of the fraudulent amounts."  *Compl.* [#1] at 1.  Thus, just reason for delay exists, in that Plaintiff's related claims against Defendant Huber should be resolved before entry of judgment as to Plaintiff's dismissed claims against the Federal Defendants, in order to avoid piecemeal appeals.  *See Okla. Turnpike Authority v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (stating that "Rule 54(b) entries are not to be made routinely" and that "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships").  Plaintiff has provided no evidence that delay of his appeal until the full and final resolution of this action will create undue hardship.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#60] is **DENIED**.[1]

Dated:  June 5, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[1] *See Mitchell v. Rocky Mountain Cancer Centers, LLP*, No. 07-cv-01479-BNB-MJW, 2008 WL 4649028 (D. Colo. Oct. 20, 2008) (resolving a Motion for Rule 54(b) Certification by Order).